BRONSON LAW OFFICES, P.C.
*Proposed Counsel to Debtor In Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
In re:                                              Chapter 11

   MouseROAR, LLC,                       Case No. 25-10984(MEW)

                    Debtor.
--------------------------------------- x

## DEBTOR'S OBJECTION TO MOTION TO CONVERT OR DISMISS

The above-captioned debtor and debtor-in-possession MouseROAR LLC (the "**Debtor**"), in response to the motion of The Fremont Street Experience Limited Liability Company (the "**Movant**"), seeking to dismiss the Debtor's case or in the alternative seeking relief from the automatic stay (the "**Motion**"). The Debtor objects to the relief sought and respectfully states as follows.

1. On May 13, 2025, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. The Debtor is a New York Limited Liability Company that is in the business of the production and sale of branded entertainment for television and films.

3. The Debtor was forced to file this case as a result of Movant's efforts to block the sale of a series produced by the Debtor and thereby prevent the Debtor from generating income necessary to its operation.

4. Movant's claim that this is a two-party dispute is obviously meritless. American Express filed two proofs of claim. *See* Claims Register of 25-10984. *Claims Nos. 1-1 and 2-1.* The fact that a creditor does not file a notice of appearance or appear at the Section 341 meeting in a small case like this is not uncommon or noteworthy.

5. Additionally, the history of litigation between the Movant and the Debtor stated in the Motion is not sufficient cause to dismiss or convert the Debtor's case.

## LEGAL ARGUMENT

### 1. There Is No Cause to Convert Under 11 U.S.C.§1112(b)

The grounds under 11 U.S.C. § 1112(b)(4), cited by Movant to dismiss the case in its Motion is bad faith. The Motion does not establish bad faith. Despite claiming that the requested relief is supported by "binding Second Circuit precedent" the motion fails to cite the seminal Second Circuit case on the issue of bad faith, C-TC, or the eight factors articulated therein for identifying bad faith. *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, 113 F.3d 1304 (2d Cir. 1997). The Motion references the *Syndicom* case from this Bankruptcy Court, which applied the C-TC factors and discussed them in detail as guidance from the Second Circuit regarding bad faith dismissals, but the Motion fails to make any reference to this portion of the Court's opinion. *See In re Syndicom Corp.*, 268 B.R. 26 (Bankr. S.D.N.Y. 2001)

The Motion instead lists nine factors articulated by a non-binding 6th Circuit case in support of dismissal. *Laguna Assocs. Ltd. Pshp. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. Pshp.)*, 30 F.3d 734 (6th Cir. 1994). However, inexplicably the Motion does not analyze the facts of this case basis on these nine cited factors either. The Motion instead goes on to cherry pick and apply five different factors without referencing any source for four of the stated

2

factors. The four unsupported factors appear to be Movant's creation to circumvent the applicable factors that do not match the facts of this Debtor's case.

### A. The Debtor's case was not filed in Bad Faith.

The eight C-TC factors which are often considered indicative of a bad faith filing by the Courts in the Second Circuit are:

> (1) the debtor has only one asset;
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
> (6) the debtor has little or no cash flow;
> (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
> (8) the debtor has no employees.

*In re N.Y. Classic Motors, LLC*, No. 21-10670 (MG), 2021 Bankr. LEXIS 1510, at 6-7 (Bankr. S.D.N.Y. June 4, 2021)

The nature of this case does not lend itself to the application of these factors because the Debtor's assets in question are not real property and there is no foreclosure action as referenced by factors three and four; nor is there an real estate taxes as referenced by factor seven. The circumstances of this case are that it is not simply a two-party dispute as Movant suggests, Movant acknowledges that there are two other claims listed by the Debtor but states that it disputes all the claims without any further explanation.

While the timing of the filing could be a factor indicating bad faith, the Second Circuit has recognized "there is a considerable gap between delaying creditors, even secured creditors,

on the eve of foreclosure and the concept of abuse of judicial purpose." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d at 228 (internal citations omitted). The evidence proffered by Movant does not show that the Debtor filed the chapter 11 case without any intention to reorganize. …" *In re AAGS Holdings, LLC*, 608 B.R. 373, 383 (Bankr. S.D.N.Y. 2019). Indeed, the Debtor's goal has always been to sell its assets to produce revenue. Accordingly, the Movant has not established bad faith as cause to dismiss or convert the Debtor's case.

2. **There is No Cause to Lift the Stay Under 11 U.S.C. §362(d)(1)**

   A. **The Sonnax Factors Do Not Support Granting Relief from the Automatic Stay**

The Motion cites 11 U.S.C. §362(d)(1) which states the stay may be lifted for cause including lack of adequate protection as the grounds for lifting the automatic stay in this case. The Motion cites the correct Second Circuit case law for lifting the stay in the *Sonnax* case and analyzes some of these factors. *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus. Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). An analysis of all of the factors demonstrates that they do not support finding cause to lift the stay.

 First, Movant claims that lifting the stay would completely resolve the issues. This is not the case because the AAA has not made significant progress in the action.

Second, the motion argues that the arbitration does not interfere with the Debtor's reorganization, As stated the Debtor filed this case to marshal its assets and to avoid Movant's efforts to prevent it from doing so. Without the ability to sell its assets the Debtor cannot reorganize.

Third, Movant does not argue that the Debtor is not a fiduciary in the State Court case because it does not analyze this factor and it is clear that it concedes the Debtor is not a fiduciary and that this factor is irrelevant.

Fourth, Movant argues the Supreme Court should be treated as a specialized tribunal in

applying the Sonnax factor. This argument does not have merit, particularly where the Bankruptcy Code has specific provisions for resolving disputes of this nature with respect to claims and property of the estate, the Bankruptcy Court is clearly more suited to determine these issues. The fifth factor of insurance is also irrelevant.

The sixth factor, analysis whether the action primarily involves third parties Motion also now claims that this case is a two-party dispute but previously acknowledged that there are other creditors and that another entity in an involuntary bankruptcy, Paved In 25 LLC, is also a party in this dispute.

The seventh factor analysis disregards that the interest of the other creditors that would be harmed by lifting the stay if Movant succeeds in preventing the Debtor from pursuing the sale of its assets it will have no ability to repay its creditors.

Factors eight and nine are irrelevant. Factors ten and eleven do not support lifting the stay because the Motion does not indicate that the arbitration will be able to dispense with this matter quickly. The Motion does not indicate that any discovery has been completed or that any issues have been resolved. Finally, on the last factor there are other significant creditors who would be harmed by lifting the stay and the Debtor does have rights notwithstanding the outcome of the arbitration.

Accordingly, it is clear that the Sonnax factors do not weigh in favor of lifting the stay. Without its assets the Debtor has no business and no ability to fund a plan of reorganization to pay its creditors. As such, the balance of the harms also weighs in favor of the Debtor and against lifting the stay.

B. **Granting Relief from Stay is Not Appropriate for Arbitration in this Case.**

The Second Circuit has also provided guidance on the issue of when it is appropriate to lift the stay when an arbitration clause addresses a core proceeding such as this

motion to dismiss or lift the stay. In this case before the Debtor's estate has been resolved the Second Circuit agreed that to allow arbitration to go forward would seriously jeopardize the objectives of the Code in light of the fact that the automatic stay serves the same function as an injunction. *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006). Therefore, the Second Circuit did not find it appropriate to lift the stay until the estate had been fully administered and no creditors would be harmed. Accordingly, the presumption in favor of arbitration does not apply to lift the stay in these circumstances.

WHEREFORE, for all of the foregoing reasons, the Movant has not established cause to dismiss the case pursuant to 1112(b) or in the alternative cause to lift the stay under 362(d)(1). The Debtor respectfully requests that the Court deny the relief sought in the Motion; and for such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
September 8, 2025,

BRONSON LAW OFFICES P.C.

By: /s/ *H. Bruce Bronson*
H. Bruce Bronson