**Rosen, Tsionis & Pizzo, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Daniel J. LeBrun, Esq.

*Proposed Attorneys for MouseROAR, LLC,*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                                          Chapter 11

     MouseROAR LLC,                                    Case No.: 25-10984-MEW

                           Debtor.
------------------------------------------------------X

### APPLICATION FOR LEAVE TO EMPLOY ROSEN, TSIONIS & PIZZO, PLLC AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF OCTOBER 10, 2025, AND TO PERMIT THE PAYMENT OF A POST-PETITION RETAINER

**TO:**  **THE HONORABLE MICHAEL E. WILES**
       **UNITED STATES BANKRUPTCY JUDGE**

MouseROAR LLC, the debtor and debtor in possession (the "Debtor"), respectfully submits this as and for its application (the "Application") seeking the entry of an order retaining Rosen, Tsionis & Pizzo, PLLC ("RTP"), as attorneys for the Debtor, effective as of October 10, 2025, under sections 105, 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and to permit the payment of a post-petition retainer by the Debtor in the amount of $25,000.00[1]. In the support of the Application, the Debtor submits and incorporates herein the affidavit of Avrum J. Rosen, Esq, a principal of RTP. In further support of this Application, the Debtor respectfully represents as follows:

---

[1] To be paid from DIP financing which will be presented to the Court by separate motion.

1

1. On May 13, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

3. The Debtor was represented in this Chapter 11 case by H. Bruce Bronson, Esq., of Bronson Law Offices P.C. (the "Bronson Firm"), who filed the bankruptcy petition on behalf of the Debtor.

4. On September 29, 2025, the Bronson Firm moved [Dkt. No. 25] to be relieved as counsel to the Debtor.

5. The Debtor approached RTP and requested that RTP be retained as incoming proposed counsel to the Debtor.

6. The Debtor is not sufficiently familiar with the rights and duties of a debtor in possession so as to be able to plan and conduct proceedings in Chapter 11 without the aid of competent counsel.

7. The Debtor has made diligent inquiry into the qualifications of RTP and is advised that members of RTP are admitted to practice before this Court and by reason, ability, integrity and professional experience, are capable of providing proper legal counsel to the Debtor. RTP and the undersigned have no connection with any creditor or interested party herein and represent no interest adverse to the estate or to the Debtor.

8. The Debtor has engaged the services of RTP as attorneys for the Debtor and has engaged RTP to perform services as attorneys for the Debtor subject to the approval of this Court. RTP will advise the Debtor of the rights and duties of a debtor in possession, will oversee

preparation of necessary reports to the Court or creditors, will conduct all appropriate investigation or litigation and will perform any other necessary duty in aid of the administration of the estate.

9. The Debtor believes that RTP is disinterested, as that term is defined in section 101(14) of the Bankruptcy Code since RTP:

(a) is not a creditor, equity security holder or insider;

(b) the Debtor's shares are not publicly traded and no investment banker has been employed for the Debtor;

(c) is not and its member has never been officers, directors or employees of the Debtor or any investment banker; and

(d) does not have any interest materially adverse to the interest of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor.

10. Compensation will be paid to RTP at the customary hourly rate as counsel to the Debtor from the Debtor's estate, only upon proper application to this Court thereof. RTP's current billing rates are as follows:

Partner:              Up to $690.00 per hour;

Associates:           Up to $590.00 per hour; and

Paraprofessional:     Up to $200.00 per hour.

11. Subject to Court approval, the Debtor entered into a retainer agreement with RTP whereby the Debtor agreed to remit the sum of $25,000.00, through DIP financing, to RTP representing RTP's initial retainer in this case (the "Retainer"). The payment of the Retainer is subject to the Court's approval of the Debtor's motion to be filed soon after the instant Application, seeking authority to accept post-petition secured financing from SIMA Management, LLC (the

"DIP Loan" and "DIP Lender"). Should the DIP Loan be approved by the Court, the budget for the DIP Loan provides for the payment of the Retainer for RTP.

12. As of the filing of this Application, the DIP Lender has remitted the sum of $25,000.00 which is being held in RTP's escrow account, subject to Orders of this Court: (i) authorizing the Debtor to retain RTP as its counsel and authorizing RTP to accept the entry of a post-petition retainer from the Debtor; and (ii) authorizing the Debtor to accept the DIP Loan. The circumstances of this case warrant authorization of a post-petition retainer under the factor's established by *In re Troung*, 259 B.R. 264 (Bankr. D.N.J. 2001).

13. In *Troung*, the debtors initially filed a *pro se* Chapter 13 bankruptcy case on July 20, 2000. *Id*. at 265. Approximately one (1) month later, the Debtor converted its Chapter 13 bankruptcy case to one under Chapter 11 of the Bankruptcy Code. *Id*. at 266. Shortly after, the debtors filed an application to retain bankruptcy counsel and to pay the firm a post-petition retainer of $15,000. *Id*. The Office of the United States Trustee filed a limited objection to the payment of a post-petition retainer. *Id*.

14. In finding that the post-petition retainer was reasonable in *Troung,* the United States Bankruptcy Court for the District of New Jersey, which is not binding precedent on this Court, acknowledged the factors enumerated by *In re Knudsen Corporation*, 84 B.R. 668 (B.A.P. 9th Cir. 1988)[2] and also considered the following factors: "(1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the

---

[2] *Knudsen* is not binding precedent on this Court.

4

case should the Court determine that the fees paid to counsel are not justified." *Troung,* 259 B.R. at 268.[3]

15.Turning to the *Troung* factors, the instant case meets the burden for the following reasons. First, the Retainer will not have an impact on the Debtor's ongoing business operations because the Retainer is accounted for in the DIP Loan being received by the Debtor, and has been budgeted for accordingly. Similar to the counsel in *Troung*, RTP is also not seeking to draw down on the post-petition retainer prior to allowance of compensation by this Court. Second, the Debtor will gain the advice and guidance of competent counsel, which will increase its prospect of reorganization. RTP has already advised the undersigned as to many aspects of the chapter 11 process that I was unaware of and I have provided several documents to RTP and have developed a strategy for a successful reorganization. Third, the specific amount of the retainer ($25,000.00) is not extraordinary when balanced against the services which must be rendered or compared to what other competent bankruptcy counsel would accept in this similar situation. Although this Chapter 11 bankruptcy case is not particularly large, it has a level of complexity that demands experienced bankruptcy counsel. Lastly, RTP and its principal, Avrum J. Rosen, Esq., have represented Chapter 11 debtors since 1988 and confirms an overwhelming proportion of the cases it files. This Court is familiar with the work RTP performs and may take judicial notice of those cases in which RTP appears in and represents its clients.

16.To the best of the Debtor's knowledge, the attorneys at RTP have no connection with the Debtor, its members, or any other party in interest or their respective attorneys.

---

[3] In *Knudsen*, the Court applied the following factors "(1) the case is an unusually large one in which an exceptionally large amount of fees accrue each month; (2) The court is convinced that waiting an extended period for payment would place an undue hardship on counsel; (3) The court is satisfied that counsel can respond to any subsequent court disallowance of the fees already paid; and (4) The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder" to authorize payment to professionals without court approval. The Debtor is not seeking to authorize payment to professionals without court approval. Thus, the factors in *Knudsen* are not applicable.

17. To the best of the Debtor's knowledge, RTP represents no interest adverse to the Debtor or to the estate in the matter in which it is to be engaged herein, and its employment would be in the best interest of the estate.

18. The Debtor requests RTP's retention to be effective as of October 10, 2025, when RTP began work and is waiving payment for the investigative work it did prior to that date.

19. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) approving and authorizing the employment of RTP as attorneys for the Debtor effective as of October 10, 2025; and (ii) permitting the payment of a post-petition retainer to RTP in the amount of $25,000.00; together with (iii) such other, further and different relief as this Court may deem just, proper and equitable.

Dated: October 15, 2025
      New York, New York                         Respectfully submitted,

                                               */s/ Anne Estonilo*
                                               Anne Estonilo, Managing Member,
                                               MouseROAR LLC